# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00290-MR
# (CRIMINAL CASE NO. 1:16-cr-0041-MR-WCM-1)

| | |
|---|---|
| DONALD C. KORNSE, JR., ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on the Petitioner's *pro se* "Complaint" [Doc. 1], which the Petitioner characterizes as a "Petition for Writ of Coram Nobis."

## I. BACKGROUND

On December 9, 2015, the Petitioner Donald C. Kornse, Jr., entered Skyland Automotive, an automobile dealership in Asheville, North Carolina, wearing a camouflage uniform, a bulletproof vest strapped with rifle and pistol magazines, and a pistol secured underneath his shoulder blade. United States v. Kornse, 708 F. App'x 135, 136 (4th Cir. 2018) (citations and footnote omitted). The Petitioner claimed that he had been deputized by the Department of Homeland Security (DHS), and that he had just returned from

a mission in Greenville, South Carolina.  Id.  The Petitioner eventually removed his firearm at the request of the general manager but told two other employees that he had the right to carry the firearm because he was with the DHS.  Id.

On December 18, 2015, the Petitioner returned to the dealership and displayed a pistol to an employee.  Id.  The Petitioner told the employee that he could carry the firearm because he was deputized with the DHS and that "there was nothing that [the general manager] could do about it…."  Id.  The Petitioner was arrested by state authorities shortly thereafter.  Id.

On April 5, 2016, the Petitioner was charged in this Court with a single count of impersonating a federal officer, in violation of 18 U.S.C. § 912. [Criminal Case No. 1:16-cr-00041-MR-WCM ("CR"), Doc. 1: Indictment]. The Petitioner was represented by counsel.  The case proceeded to a jury trial on October 31, 2016.  Following the close of the Government's proof, defense counsel moved for a judgment of acquittal, which was denied.  On November 3, 2016, the jury returned a verdict of guilty. [CR Doc. 58: Verdict]. The Defendant was sentenced on April 13, 2017 to a sentence of time served, along with a term of one year of supervised release. [CR Doc. 81: Judgment].  While serving his one-year term of supervised release, the

Petitioner filed a timely appeal to the Fourth Circuit Court of Appeals. [CR Doc. 83: Notice of Appeal].

On appeal, the Petitioner argued that his motion for judgment of acquittal should have been granted because there was insufficient evidence that he impersonated a federal officer. He further argued that the Court's jury instruction regarding the elements of this charge was plainly erroneous. See Kornse, 708 F. App'x at 135. On January 11, 2018, the Fourth Circuit Court of Appeals rejected the Petitioner's arguments and affirmed the judgment. Id. at 137. The Petitioner then filed a petition for writ of certiorari with the United States Supreme Court. While that petition was pending, on April 12, 2018, the Petitioner's term of supervised release ended. The United States Supreme Court denied certiorari on October 15, 2018. Kornse v. United States, 139 S.Ct. 375 (2018).

The Petitioner filed the instant Petition on October 11, 2019, attacking the proceedings in the criminal case. The Petition is 40 pages long and has almost 1,000 pages of supporting documents attached. His long-winded and circular arguments raise primarily the following claims: (1) there was insufficient evidence of guilt to support his conviction; (2) his counsel was ineffective for failing to present exculpatory evidence at trial and for failing to objected to perjured testimony presented by the Government; (3) the

prosecutor engaged in misconduct by instituting a frivolous prosecution, withholding exculpatory evidence, and presenting perjured testimony; and (4) the Magistrate Judge assigned to the case failed to recuse himself despite having a conflict of interest. The Petitioner also seeks damages for various violations of his civil rights arising from the alleged deliberate indifference to his medical needs while in confinement and his alleged wrongful prosecution.

## II. STANDARD OF REVIEW

The All Writs Act, 28 U.S.C. § 1651(a), authorizes the Court to hear a petitions for a writ of error coram nobis. United States v. Morgan, 346 U.S. 502, 512 (1954). A coram nobis petition is "of the same general character as one under 28 U.S.C. § 2255," but is available to petitioners who are no longer "in custody" and cannot seek habeas relief under § 2255 or § 2241. Morgan, 346 U.S. at 506 n.4. The writ of error coram nobis is a "remedy of last resort," United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012), and is narrowly limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice,'" United States v. Denedo, 556 U.S. 904, 911 (2009) (quoting Morgan, 346 U.S. at 511).

A petitioner seeking coram nobis relief must show that "(1) a more usual remedy [such as habeas corpus] is not available; (2) valid reasons

exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Akinsade, 686 F.3d at 252 (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)). An error of "the most fundamental character" is one that has "rendered the proceeding itself irregular and invalid." United States v. Addonizio, 442 U.S. 178, 186 (1979) (quoting United States v. Mayer, 235 U.S. 55, 69 (1914)). In reviewing the petition, the Court must presume that the underlying proceedings were correct and "the burden rests on the [petitioner] to show otherwise." Morgan, 346 U.S. at 512.

## III. DISCUSSION

### A. Claims for Civil Rights Violations

As an initial matter, the Court notes that the Petitioner appears to assert a number of civil rights claims pursuant to 42 U.S.C. § 1983. Such claims, however, are not cognizable in a post-conviction habeas proceeding. See generally Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) (noting that habeas claims and civil rights claims pursuant to 42 U.S.C. § 1983 are mutually exclusive). Claims for violation of civil rights against State actors regarding such issues as deliberate indifference to medical needs, false arrest, and false imprisonment, are more appropriately brought as a civil suit

pursuant to 42 U.S.C. § 1983. Indeed, the Petitioner has already brought two civil actions before this Court asserting nearly identical claims for money damages under 42 U.S.C. § 1983. [See Civil Case No. 1:19-cv-00123-MR-WCM; Civil Case No. 1:19-cv-00300-MR-WCM]. As such claims are not cognizable in the present proceeding, the Petitioner's claims asserted under 42 U.S.C. § 1983 are therefore dismissed without prejudice.

### B. Insufficient Evidence of Guilt Claim

The Petitioner contends that the Government failed to present sufficient evidence of guilt to convict him of the offense of impersonating a federal officer. The Petitioner raised this argument on direct appeal, and the Fourth Circuit denied this claim on the merits. A petition for writ of error coram nobis "is not a device to relitigate issues fully ventilated at the time of the conviction." United States v. Keane, 852 F.2d 199, 203 (7th Cir. 1988); see also Calvert v. United States, 351 F. App'x 475, 476 (2d Cir. 2009) (holding that speedy trial claim "cannot be relitigated" in coram nobis proceeding when claim had already been rejected on direct appeal). Accordingly, the Petitioner's claim regarding the sufficiency of the evidence presented at trial must be denied.

### C. Ineffective Assistance of Counsel Claim

Next, the Petitioner claims that his trial counsel "Knowingly and Willfully ignored the Compelling Evidence of [his] Innocence" and failed to present such evidence at trial. [Doc. 1 at 15 (emphasis in original)]. The Petitioner also appears to complain that counsel ignored his instruction to "attack the Arraignment and Detention Hearing Testimony of DHS SA Jason Allen…." [See id.].

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. amend. VI. To show ineffective assistance of counsel, the Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Ineffective assistance of counsel is a type of "fundamental error" that is redressable by a coram nobis petition. See Akinsade, 686 F.3d at 256; see also United States v. Castro, 26 F.3d 557, 559 (5th Cir. 1994).

Here, the Petitioner claims that counsel failed to present exculpatory evidence at trial to show that the Petitioner had a concealed carry permit. The record establishes, however, that Special Agent Miller testified at trial that the Petitioner had a valid concealed weapon permit when he was arrested at Skyland Automotive on December 18. [See CR Doc. 98 at 9, 24-25]. The Petitioner fails to explain what further evidence counsel should have submitted to the jury about his concealed carry permit that was not already in evidence.

The Petitioner also argues that counsel was ineffective when she failed to present any evidence to show that Skyland Automotive did not have any signs on its property prohibiting weapons on the day of the Petitioner's arrest. The existence of any such signs, however, was irrelevant to the Petitioner's defense. The basis for the Petitioner's charge and convictions were his actions in representing to several witnesses that he worked for Homeland Security, not his possession of weapons. Therefore, even though counsel may have failed to present evidence regarding the absence of signs at Skyland, such failure caused the Petitioner no prejudice because it had no reasonable probability of affecting the outcome of the trial.

The Petitioner also claims that counsel was ineffective by failing to "attack" Special Agent Allen's testimony at the Petitioner's pretrial detention

hearing. The Petitioner appears to refer to Special Agent Allen's testimony at the detention hearing that he had contacted an employee at Skyland Automotive to see whether the Petitioner had any contact with any employees since his arrest, and "[t]he employee that [Allen] spoke with stated that Mr. Kornse had not been in any further contact." [CR Doc. 46 at 16]. The Petitioner contends that this testimony was patently false and that he can establish its falsity through phone records and Skyland Automotive surveillance video.

The Petitioner cannot establish any prejudice resulting from counsel's failure to challenge Special Agent Allen's testimony on this issue. Whether or not the Petitioner continued to have contact with Skyland Automotive employees after his arrest simply had no bearing on the issue of whether the Petitioner was guilty of impersonating a federal officer. Moreover, Special Agent Allen did not testify at trial, and therefore, his testimony about the Petitioner's contact with Skyland employees could not have contributed to the guilty verdict. See United States v. Morton, 443 F. App'x 775, 778 (4th Cir. 2011) (holding that any error in denying motion to dismiss indictment based on the claim that a co-conspirator gave perjured testimony before the grand jury was harmless because the verdict was not based on any testimony by the co-conspirator, who did not testify at trial); see also United

States v. Mechanik, 475 U.S. 66, 70 (1986) (holding that alleged witness error before grand jury was harmless in light of guilty verdict).

For these reasons, the Court concludes that the Petitioner's claims for ineffective assistance of counsel must be denied.

**D.     Claims of Prosecutorial Misconduct**

Construing the Petition liberally, the Petitioner appears to claim that the prosecutors engaged in misconduct by withholding exculpatory evidence, presenting perjured evidence against him, and by conspiring with others to maliciously prosecute him.

Underpinning these arguments is the Petitioner's theory that the prosecutors, law enforcement agents, witnesses, and even the Magistrate Judge assigned to handle the pretrial matters in this case,[1] somehow conspired to profit themselves and the Skyland Automotive dealership through the Petitioner's conviction:

---

[1] The Court notes that the Magistrate Judge's conduct in this matter was in no way improper. At the detention hearing, Judge Howell disclosed to the parties his purchase of a vehicle from Skyland, and the parties explicitly waived any objection to his presiding over pretrial matters on the record. The Petitioner's present self-serving arguments that such waiver was invalid or should be set aside are rejected. In any event, the Magistrate Judge's alleged conflict of interests had no bearing on the trial in this case, as the trial was conducted by the undersigned. Further, the relief that the Petitioner seeks – the Magistrate Judge's removal from this case – is moot in light of Judge Howell's retirement in October 2018.

> How this Case got this far was due to AUSA John D. Pritchard and DHS Allen making it a Case, making it an Issue to get a Conviction At Any Cost. The Merits of AUSA Pritchard and DHS Allen arguing the Case all the way to the Jury on its Face even so far as allowing the Case to go to the Supreme Court of the United States is the Degree that they carried this Conspiracy to Defrauding the Government, the Tax Payers, and the Public's Record of untold Millions of Dollars. This was All for Clearly Stated Economic Purpose and Reasons to save an 86 year old Car Dealership, it's Owner, the Owner's Daughter, Defendants et al.

[Doc. 1 at 16].

Petitioner's malicious prosecution claim is too vague and conclusory to support relief. The instances of alleged misconduct upon which the Petitioner relies are not supported by anything except for the Petitioner's self-serving and unsupported contentions. This claim will, therefore, be denied. See generally United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court).

The Petitioner also has failed to carry his burden of demonstrating that any perjury occurred at his trial. While the Petitioner alleges that Special Agent Allen committed perjury when he testified regarding his conversations with Skyland Automotive employees, the record reflects that Special Agent Allen testified at the detention hearing, not at the trial of this matter. [See CR

Doc. 46]. The Petitioner also alleges that Skyland Automotive employee Jeremy Shea falsely testified regarding the existence of signs being posted at the dealership prohibiting guns on the premises. [CR Doc. 97 at 47-48]. The record reveals, however, that Shea did not attach a time period to his testimony about signage and there is no evidence that he perjured himself about the existence of a weapons policy or the presence of signs. [Id.]. Further, the Petitioner contends Skyland Automotive employee Nathan Sumner was pressured by agents to present false testimony about the Petitioner. [See Doc. 1 at 7]. Sumner testified at trial that he had a friendly relationship with the Petitioner and that the two had text and phone contact on non-business matters. [CR Doc. 97 at 87]. Sumner also testified that the Petitioner repeatedly said he was employed by Homeland Security, that he was allowed to carry a gun because of his federal position, and that he could help Sumner get a job there as well. [Id. at 91-92, 96-97]. The Petitioner has not presented anything except his own self-serving allegations that Sumner lied about the Petitioner's actions at the behest of law enforcement.[2]

---

[2] Sumner's testimony is consistent with the testimony offered by other Government witnesses at trial. Jeremy Shea, a Skyland Automotive salesperson, testified that the Petitioner came to the dealership on December 9, 2015 like he "just came out of a war zone," wearing a full camo uniform, body armor vest, multiple rifle and pistol magazines, a pistol under his shoulder blade, and a big gold badge around his neck with dog tags. [CR Doc. 97 at 35]. Shea testified that the Petitioner told him that he was a Marine in special forces, was deputized by Homeland Security, and had just come back from a

The Petitioner also claims that the Government withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). [Doc. 1 at 25]. The Petitioner, however, does not claim that any exculpatory evidence was withheld *from him*.[3] Rather, the basis of his claim appears to be the fact that in the Government's trial brief filed with the Court shortly before trial, the prosecutor did not mention a series of texts exchanged between the Petitioner and Nathan Sumner following the Petitioner's December 18, 2015 arrest. [See id.]. The failure of the Government to mention such communications in a trial brief does not constitute the withholding of evidence from the Defendant. Further, whether the Petitioner continued to have communication with Skyland Automotive employees following his arrest is neither inculpatory nor exculpatory: it is in fact irrelevant to the issue of whether the Petitioner committed the offense of impersonating a federal

---

mission in Greenville "taking out a bunch of Muslims" and that he was going to Hendersonville that night to do the same. [CR Doc. 97 at 37-38]. Skyland Automotive employee Ann Parker-Cradduck testified that the Petitioner told her that he was previously with the Marines, had been deputized by Homeland Security and could have his gun with him for that reason, and had been in Greenville and Hendersonville taking out Muslims. [CR Doc. 97 at 73].

[3] Indeed, as the admitted sender and/or recipient of these messages, the Petitioner could not claim that they were wrongfully withheld, as they have been in the Petitioner's possession.

13

officer. The Petitioner's claim that the Government violated its discovery obligations under Brady is simply without merit.

As previously noted, the Petitioner's filing is forty pages long. It is filled with a number of rambling, sometimes incoherent allegations. The Court has endeavored to address all of the Petitioner's substantive arguments. To the extent, however, that any claim has not been specifically addressed in this Order, such claim is hereby denied.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651 is denied, and the Petitioner's civil rights claims pursuant to 42 U.S.C. § 1983 are dismissed without prejudice.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

# O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Petition for a Writ of Coram Nobis under 28 U.S.C. § 1651 [Doc. 1] is **DENIED**;

2. Petitioner's claims pursuant to 42 U.S.C. § 1983 are **DISMISSED WITHOUT PREJUDICE**; and

3. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 18, 2019

Martin Reidinger
United States District Judge